IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHARLES HAWKINS**,

        Petitioner,

v.

**JOE COAKLEY,**

        Respondent.

**Civil Action No.: 3:17-CV-80 (GROH)**

**REPORT AND RECOMMENDATION**

**I.     INTRODUCTION**

On July 7, 2017, Petitioner Charles Hawkins ("Petitioner"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1] Petitioner is a federal inmate housed at USP Hazelton who is challenging his prison disciplinary proceeding. On June 22, 2018, Petitioner filed a motion styled as, "Affidavit for Entry of Default Judgement [sic]". ECF No. 17. The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed.

**II.     BACKGROUND**

**A.     Conviction and Sentence**

On March 16, 1989, Petitioner was sentenced to an aggregate life sentence in the Superior Court for the District of Columbia for murder, attempted distribution of PCP,

---

[1] All ECF numbers refer to entries in the docket of Civil Action No. 3:17-CV-80, unless otherwise noted.

robbery, and carrying a deadly weapon. ECF No. 12-3 at 4 - 7.

B.    **Prison Disciplinary Proceedings**

On May 13, 2016, Petitioner received an Incident Report, informing him that he had been charged with attempted assault on a staff member, in violation of Code 224A.[2] ECF No. 12-3 at 14. The Incident Report which staff member M. Gonzales prepared reported that:

> On 5/13/16 at approximately 7:00am, Inmate Hawkins #03162-000 entered my serving line to obtain his breakfast tray. Inmate Hawkins receives a special diet tray due to his allergens in a clam shell Styrofoam tray. I then gave inmate Hawkins his clam shell tray that contained the following items: 2 jelly packets, and fruit. Upon receiving his tray and inspecting the tray directly in front of me, Inmate Hawkins became very agitated that he was not receiving more food. I informed the inmate that for our breakfast meal he received everything on the menu except for the pancakes, which he is allergic to. He was to get his own oatmeal from the hot bar. Inmate Hawkins began clenching his teeth together while demanding me to give him something else. He was shouting at me, and began to sway back and forth in front of me. He then took his tray and threw his tray aggressively at me across the serving line in my direction. The tray did not hit me, but he was staring directly at me when he threw it at me. I began to feel threatened by this inmate's actions, tone of voice, and demeanor. I informed the inmate he needed to leave the serving line. He then reached across the serving line, grabbing his tray back. He then turned to walk away and continued to shout at me as he walked away.

Id.

On May 18, 2016, at 8:45 pm, the Unit Discipline Committee ("UDC") referred the charge to the Discipline Hearing Officer ("DHO") for a hearing proposing "greater sanctions than available at UDC level." ECF No. 12-3 at 14. The UDC recommended thirty days of disciplinary segregation, loss of twenty-seven days Good Conduct Time,

---

[2] A violation of § 224A is for "Assaulting any person (a charge at this level is used when less serious physical injury or contact has been attempted or accomplished by an inmate)." https://www.bop.gov/policy/progstat/5270_009.pdf.

2

and ninety day loss of phone and commissary privileges. Id. The same day, Petitioner received formal notice of the hearing and waived the assistance of a staff representative and the opportunity to present witnesses on his behalf. Id. at 16. Petitioner was also advised of the additional rights afforded to him. Id. at 17.

On June 2, 2016, the DHO conducted a hearing as to Petitioner's charge. ECF No. 12-3 at 18 - 20. The DHO reviewed the statement of the reporting staff member and the statement of a staff member who witnessed the incident. Id. at 19 - 20. The DHO also reviewed video footage per Petitioner's request, however, the DHO reported that the footage was inconclusive because the camera angles did not record the area where the incident occurred. Id. at 20. Petitioner denied that the incident occurred. Id. at 19. Based on the evidence, the DHO found that Petitioner had committed the act as charged and sanctioned Petitioner with 30 days of segregation and a 180 day loss of commissary, visitation, and email privileges. Id. at 19 - 20.

### III. DISCUSSION

**A.    The Petition**

Petitioner asserts that his Fifth Amendment right to due process was violated during the prison disciplinary proceedings held on June 2, 2016 when the DHO staff made a ruling without reviewing video camera footage, and when the DHO failed to provide Petitioner access to the video camera footage. ECF No. 1 at 5. For relief, Petitioner requests that the Court expunge the incident report. Id. at 7, 10.

**B.     Analysis of the Petition**

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

4. permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

5. providing impartial fact finders.

Id. at 564-571.

The undersigned finds that Petitioner was provided all the due process required for a disciplinary proceeding for several reasons. First, Petitioner was provided written notice of the charges on May 13, 2016, the same day the incident occurred. ECF No. 12-3 at 14, 18.  On May 18, 2016, Petitioner was given notice that he would be subject to a discipline hearing before the DHO for a violation of Code 224A.  ECF No. 12-3 at 16.  As required, that notice was more than twenty-four hours prior to the May 24, 2016, DHO hearing.  The hearing was commenced on May 24, 2016, but continued to June 2, 2016, to allow the hearing officer to review the video footage.  ECF No. 12-3 at 19.

4

Second, Petitioner received a detailed statement from the DHO detailing the evidence that was relied upon in making their finding. Id. at 19 - 20. Third, Petitioner was provided the opportunity to call witnesses on his behalf but declined to do so. Id. at 16. Specifically, on May 18, 2016, Petitioner completed and signed a form that indicated his desire not to call his own witnesses. Id. Fourth, on the same form, Petitioner rejected the opportunity to have a full-time staff member represent him at the hearing. Id. Finally, the hearing was conducted by a neutral party who reviewed the case and made a decision based on the weight of the evidence. Id. at 18 - 20.

Petitioner argues that he was denied due process because he is innocent of the charges against him. ECF No. 1 at 5. However, the results of a prison disciplinary proceeding will be upheld so long as there is "some evidence" to support the decision. Superintendent v. Hill, 472 U.S. 445, 455. (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455 - 456.

Here, the Disciplinary Hearing Officer found Petitioner guilty of attempted assault on a staff member, in violation of Prohibited Act Code § 224A. The DHO relied on the statement of the reporting staff member [ECF No. 12-2 at 5], which describes Petitioner throwing his tray aggressively in her direction. ECF No. 12-3 at 14. The DHO also relied on the statement of an eyewitness that corroborated the reporting staff member's statement. ECF No. 12-3 at 20 - 21. Additionally, Petitioner's claim that the DHO reached a decision without reviewing video camera footage is incorrect. The hearing on

the charge was originally scheduled for May 24, 2016, but was postponed until June 2, 2016 for the DHO to review the camera footage. ECF No. 12-3 at 19. Subsequently, Petitioner was informed by the DHO that upon review the footage was inconclusive. ECF No. 12-3 at 20. Even if the DHO had refused to review the footage, as long as the finding of guilt was supported by "some evidence," Petitioner's right to due process was not violated. See Superintendent, 472 U.S. at 455. Moreover, Petitioner was not entitled to view the footage himself because inmates having direct knowledge of camera angles could threaten the security of the institution. See Wolff, 418 U.S. at 566.[3] Therefore, the undersigned finds that the Disciplinary Hearing Officer's decision is supported by "some evidence" and that the Petition as a whole should be denied.

Finally, in Petitioner's response to the motion for summary judgment, he claimed that he had not received a copy of the motion from Respondent.  In Respondent's written reply thereto, counsel asserted that, "[t]o the extent that Petitioner claims he never received a copy of  Respondent's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, [ECF No. 12], counsel for Respondent now states that on June 1, 2018, another copy of said Motion and its attachments has been placed in the United States Postal Service to the pro se Petitioner."  ECF No. 16.  In Petitioner's "Affidavit for Entry of Default Judgement [sic]", he alleges, without authority, that the Respondent's

---

[3] "We should not be too ready to exercise oversight and put aside the judgment of prison administrators. It may be that an individual threatened with serious sanctions would normally be entitled to present witnesses and relevant documentary evidence; but here we must balance  the inmate's interest in avoiding loss of good time against the needs of the prison, and some amount of flexibility and accommodation is required. Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. . . . The operation of a correctional institution is at best an extraordinarily difficult undertaking. . . . . in our view, [prison officials] must have the necessary discretion without being subject to unduly crippling constitutional impediments."  418 U.S. 566–67.

alleged failure to timely serve him with a copy of the motion to dismiss or, alternatively, for summary judgment, entitles him to a default judgment.

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

If is also **RECOMMENDED** that Respondent's Motion to Dismiss, or, in the Alternative, for Summary Judgment [ECF No. 12] be **GRANTED**.  It is further **RECOMMENDED** that Petitioner's motion for default judgment [ECF No. 17] be **DENIED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with the case. The Clerk is directed to provide a copy of this Report and Recommendation to the parties who

appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** July 26, 2018

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE