# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHARLES HAWKINS,**

    Petitioner,

v.                                                               **CIVIL ACTION NO.: 3:17-CV-80**
                                                                                        **(GROH)**

**JOE COAKLEY, Complex Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 18] on July 26, 2018. In his R&R, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed with prejudice.

## I. Background

On May 13, 2016, the Petitioner was charged with attempted assault on a staff member in violation of Code 224A. ECF No. 12-3 at 14. The incident report alleged that the Petitioner threw his food tray at a staff member. Id. The Petitioner asserts that he did not throw his food tray as charged. The Petitioner further asserts that available video footage should prove his innocence. Notably, the Disciplinary Hearing Officer independently reviewed the footage, but did not provide the Petitioner access to the

same. The Disciplinary Hearing Officer determined that the video footage was inconclusive. Based upon the statement of the reporting officer and an eyewitness, the Officer found that the Petitioner committed the act as charged. The Petitioner was sanctioned with 30 days of segregation and a 190 day loss of commissary, visitation and email privileges. ECF No. 12-3 at 22.

In the instant § 2241 petition, the Petitioner asserts that his Fifth Amendment right to due process was violated during his disciplinary proceeding because he was not permitted access to video footage of the alleged incident. ECF No. 1 at 5.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by the *pro se* Petitioner on July 31, 2018. ECF No. 26. The Petitioner filed his objections on August 10, 2018. ECF No. 20. Accordingly, this Court will conduct a *de novo* review of the magistrate judge's findings where objection was made.

## III. Discussion

When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears at the disciplinary hearing;

2. providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

4. permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

5. providing impartial fact finders.

Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974).

The Petitioner does not contest that he: (1) received written notice of the charges at least twenty-four hours before the hearing; (2) received a written statement as to the reasons for the disciplinary action; (3) waived the opportunity to have a staff member represent him; and (4) had an impartial fact finder. Accordingly, the only issue is whether the Petitioner's due process was violated when the Disciplinary Hearing Officer prohibited him from presenting "documentary evidence in his defense," specifically, video footage of the alleged incident.

The magistrate judge found that the Petitioner "was not entitled to view the footage himself because inmates having direct knowledge of camera angels could threaten the

3

security of the institution." ECF No. 18 at 6. In his objections, the Petitioner argues that "there were no security reasons for denying [his] request to produce the video footage." ECF No. 20 at 3. In support he says that "[m]any inmate[s] at FCI and the USP have video footage of [their] incident so they could refute the charges against him." Id.

While a prisoner has a right to call witnesses and present evidence in his defense, this right is balanced with institutional safety and correctional goals. Wolff, 418 U.S. at 566. Tasked with the safety of inmates and staff, prison officials "must have the necessary discretion" to limit access to documentary evidence "without being subject to unduly crippling constitutional impediments." Id. at 566-67. Here, as the magistrate judge correctly concluded, the Petitioner was not entitled to review the camera footage because knowledge of camera angles could threaten the security of the prison. See Ray v. Masters, No.: 1:15-cv-06712, 2017 WL 975948, at *3 (S.D. W. Va. Feb. 13, 2017), Jenkins v. Warden, FCI Edgefield, Civil Action No. CIV.A. 5:14-03687-BHH, 2015 WL 5474880, at *8 (D.S.C. Sept. 16, 2015).

## IV. Conclusion

Therefore, upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 18] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein.

Accordingly, the Petitioner's § 2241 Petition is **DENIED** and **DISMISSED WITH PREJUDICE**. The Petitioner's Motion for a Default Judgment [ECF No. 17] is **DENIED**. The Respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment [ECF No. 12] is **GRANTED**. This matter is **ORDERED STRICKEN** from the Court's

active docket.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** September 6, 2018

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE